**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **EMEKA MICHAEL ABANIFI, Jr.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **NO. 5:12-cv-421 (MTT) (CHW)** |
| : | |
| **Warden SHEILA OUBRE,** *et al.*, : | **Proceedings under 42 U.S.C. § 1983** |
| : | **Before the U.S. Magistrate Judge** |
| **Defendants.** : | |
| : | |

## REPORT AND RECOMMENDATION

Now before the Court is a Motion to Dismiss filed by Defendants Sheila Oubre, Larry Jordan, Doug Underwood, Nathan Handberry and William Griffin. (Doc. 26). Because Plaintiff failed to exhaust his available administrative remedies, it is **RECOMMENDED** that the Defendants' Motion be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

## BACKGROUND

Plaintiff's *pro se* § 1983 Complaint concerns repeated episodes of alleged gang violence in Baldwin State Prison ("BSP"), where Plaintiff was housed from April 2012 to January 2013. Plaintiff claims that most of the inmates housed in "G building dorm #1," Plaintiff's dormitory, were gang affiliated and had a history of violence. (Doc. 1, p. 4). According to Plaintiff, members of the "GF" gang threatened and attacked him on April 19, July 9, and August 20. (*Id.* pp. 4-7). During the July 9 attack, Plaintiff was allegedly "stabbed seven times" — "once on the back of his hand, once in his right elbow and five times in his back." (Doc. 26-1, p. 3). Plaintiff is less specific in his description of the injuries he suffered in the April 19 and August 20 attacks, but simply states that he suffered additional "physical injuries." (Doc. 1, pp. 4, 7).

Following a frivolity review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court dismissed two of Plaintiff's claims. (Doc. 19). First, the Court determined that Plaintiff could not challenge the results of disciplinary proceedings brought after Plaintiff requested a transfer because Plaintiff failed to show what punishment he received as a result of the proceedings. (*Id.* p. 1). Second, the Court determined that Plaintiff could not sue in federal court for the loss of his personal property while hospitalized following the July 9 attack because an adequate post-deprivation remedy existed under state law. (*Id.*). The Court also dismissed Brian Owens as a defendant. (*Id.*).

In light of these § 1915A dismissals, Plaintiff's remaining claims are as follows. Plaintiff claims that Defendants Oubre, Underwood, and Handberry violated his Eighth Amendment rights by placing and keeping him in G building dorm #1, despite their knowledge of the risk of harm. Plaintiff also claims that Defendants Oubre, Underwood, and Handberry denied him proper access to medical personnel by assigning him to "the hole" upon his return from the hospital. (Doc. 1, p. 7). Plaintiff claims that Defendant Griffin allowed two "GF" inmates into G building dorm #1 "to order that the GFs attack all Muslims," thereby placing Plaintiff, a Muslim, in immediate danger. (Doc. 1, p. 5). Plaintiff further claims that while he was being attacked, Officer Griffin ignored his calls for help and failed to respond in a reasonable time. (*Id.* p. 6). Finally, Plaintiff claims that Defendant Jordan released a GF gang member into G building dorm #1, and that the GF gang member attacked Plaintiff. (*Id.* p. 7). As indicated in the January 25 Order and Recommendation, (Doc. 12), these claims may be restated as: (1) a claim against Defendants Oubre, Jordan, Underwood, Handberry and Griffin for failure to protect; and (2) a claim against Defendants Oubre, Underwood and Handberry for denial of medical care. (Doc. 12, p. 10).

The Defendants filed the instant Motion to Dismiss on April 24, 2013. (Doc. 26). They argue that Plaintiff failed to exhaust his available administrative remedies and that he fails to state a claim for relief. (*Id.* pp. 4-19). The Defendants also argue that they are entitled to qualified immunity in their individual capacities, and that Plaintiff may not sue them in their official capacities under § 1983. (*Id.* pp. 19-24). Because Plaintiff did, indeed, fail to exhaust his administrative remedies, the Court may not evaluate the merits of Plaintiff's claims. Instead, Plaintiff's Complaint should be dismissed.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Federal courts may not waive the exhaustion requirement, and the Eleventh Circuit has held that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by a prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Because exhaustion is "a matter in abatement and not generally an adjudication on the merits," it is properly the subject of dismissal rather than of summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). As with other issues in abatement, though, courts determining exhaustion may consider facts outside of the pleadings. *Id.* at 1376. Courts may also resolve factual disputes, so long as those disputes do not decide the merits and so long as the parties have a sufficient opportunity to develop a record. *Id.*

When a motion to dismiss is based on the affirmative defense of failure to exhaust, the review of the motion involves a two-step process. See *Turner v. Burnside*, 541 F.3d 1077 (11th

Cir. 2008). First, the court looks to the facts alleged in both the motion itself and in the plaintiff's response. *Id.* at 1082. If the alleged facts conflict, the court takes the plaintiff's version of the facts as true. *Id.* "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* If the complaint is not subject to dismissal based on the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. *Id.* At the second step, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. *Id.*

## **AVAILABLE ADMINISTRATIVE REMEDIES**

During the relevant period, the Georgia Department of Corrections' Standard Operating Procedure ("GDC SOP") set-forth a three-step grieving process, consisting of: (1) the filing of an informal grievance; (2) the filing of a formal grievance; and (3) the filing of an appeal. (Doc. 26-2, p. 3). Only after the termination of a 90-day appeal-review period was the grievance process deemed complete. (*Id*. p. 5).

## **ANALYSIS**

Although the parties appear to contest the number of grievances Plaintiff filed while at BSP, the record shows that Plaintiff did not fully exhaust his available administrative remedies regarding any of his grievances. The Defendants argue, in their Motion to Dismiss, that Plaintiff filed only three informal grievances at BSP, (Doc. 26-1, p. 8), but an "Offender Grievances" history form filed by both Plaintiff and the Defendants suggests that Plaintiff actually filed five informal grievances.[1] (Doc. 26-4, p. 2; Doc. 29-2, p. 2). Nevertheless, the Defendants claim—

---

[1] Plaintiff's grievance history form also shows a formal grievance dated 11/06/2012, but that formal grievance is not relevant here because § 1997e(a) requires that prisoners fully exhaust their administrative remedies *before* filing a lawsuit in federal court. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 105 (2006). Plaintiff filed his complaint on 10/23/2012. (Doc. 1).

and the grievance history form confirms—that Plaintiff did not pursue his available administrative remedies beyond the informal-grievance level regarding any of these five grievances. (Doc. 32, pp. 1-3).

Plaintiff argues, in his Response to the Defendants' Motion to Dismiss, that his informal grievances "were either rejected or denied days or even weeks past the allotted timeframe," and that he "therefore exhausted his administrative remedies due to the fact that his time limit had expired to file further grievances," but this argument ignores both the GDC SOP and binding legal precedent. The Standard Operating Procedures provide, at GDC SOP IIB05 – 0001 IV. A. 11, that when the Warden or Superintendent's response time is exceeded, "the inmate may appeal his grievance to the Commissioner's Office, unless a one time ten day extension has been authorized and the inmate is notified of such extension." (Doc. 29-3, p. 5). Neither Plaintiff's pleadings nor any evidence on the record suggests that Plaintiff received a ten-day extension, and accordingly, in order to exhaust his administrative remedies, Plaintiff ought to have appealed to the Commissioner's Office. By failing to file such an appeal, Plaintiff failed to exhaust his available administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Plaintiff also includes with his Response to the Defendants' Motion to Dismiss a formal grievance not listed in the "Offender Grievances" history form. (Doc. 29-1, p. 2). This formal grievance was rejected because the issues raised in it were not the same as the issues raised in the relevant informal grievance. *Id.* Therefore, the formal grievance failed to comply with GDC SOP IIB05 – 0001 IV. C. 1., which states that inmates may pursue complaints through the formal-

grievance procedure *only after completing the informal grievance procedure*. (Doc. 29-3, p. 7) (emphasis added). Additionally, Plaintiff failed to indicate that he filed an appeal as required by the GDC SOP. (Doc. 26-1, pp. 7-8).

Finally, Plaintiff also filed with his Response two informal grievance form receipts dated 8/28/12 and 9/20/12. (Doc. 29-4, p. 2). Neither informal grievance appears in Plaintiff's "Offender Grievances" history form.[2] Nevertheless, Plaintiff has failed to meet his burden, at step one of the *Turner* review process, of presenting facts to show that he fully exhausted his available administrative remedies by either pursuing the GDC SOP's normal three-step grievance process or by appealing to the Commissioner's Office under GDC SOP IIB05 – 0001 IV. A. 11. Accordingly, these informal grievance form receipts do not, as Plaintiff contends, prove that he exhausted his administrative remedies.

## CONCLUSION

Because Plaintiff failed to exhaust his available administrative remedies, it is **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of January, 2014.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[2] The Defendants argue that the informal-grievance receipt dated 8/28/12 relates to Plaintiff's 8/27/12 grievance, which is listed in his "Offender Grievances" history form. (Doc. 32, p. 2). Because the receipt forms do not list grievance numbers, though, the Defendants' argument cannot be confirmed.